UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00119 AG (KKx) | Date | April 3, 2017 |
|---|---|---|---|
| Title | BRAD PONSFORD v. SKYPATROL, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings:    [IN CHAMBERS] ORDER DENYING MOTION TO REMAND**

Brad Ponsford sued Skypatrol LLC and Topp Group, Inc., in state court, for alleged wrongful termination, retaliation against a whistleblower, and unfair competition in violation of state law. (Compl., Dkt. No. 1-1 at 3–5.) The complaint doesn't state any specific amount of damages. Rather, Ponsford generally seeks an award of compensatory damages, exemplary or punitive damages, attorney fees, and costs. (*Id.* at 5.) The defendants filed a timely notice of removal, *see* 28 U.S.C. § 1441, and now, Ponsford moves to remand this case to the Riverside County Superior Court.

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has long authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

With that essential background in mind, the Court turns to Ponsford's motion to remand for lack of diversity jurisdiction. Here, Ponsford's sole arguments is that the defendants have "failed to meet their burden in showing that the amount in controversy exceeds $75,000." (Mot. to Remand, Dkt. No. 14 at 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00119 AG (KKx) | Date | April 3, 2017 |
|---|---|---|---|
| Title | BRAD PONSFORD v. SKYPATROL, LLC ET AL. | | |

*Diversity of citizenship.* It's apparent to the Court that there is "complete" diversity of citizenship between the plaintiff and all the defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Here, Ponsford is a citizen of California, while Skypatrol is a citizen of Florida and New York, and Topp Group is a citizen of Florida and Delaware. (Notice of Removal, Dkt. No. 1 at 3–4.) The parties don't dispute this preliminary point. (*Compare* Mot. to Remand, Dkt. No. 14 at 4, *with* Opp'n, Dkt. No. 18 at 1.)

*Amount in controversy.* Ponsford seems to think his own "silence" mandates remand. (Mot. to Remand, Dkt. No. 14 at 6.) He points out, for example, that the complaint is devoid of "monetary figures and general facts from which the Court can infer an amount for plaintiff's lost wages." (*Id.*) And given this facial dearth (of his own creation), he suggests that removal is simply inappropriate without "additional information or evidence." (*Id.*)

The Court disagrees with Ponsford's approach.

A defendant seeking to remove a case to a federal court need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also* 14C C. Wright & A. Miller, Federal Practice and Procedure § 3733, p. 639–41 (4th ed. 2009) (noting that the "short and plain statement" requirement is "borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)"). Ordinarily, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But if the plaintiff does contest that allegation, then "removal . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, *by the preponderance of the evidence*, that the amount in controversy exceeds" the relevant jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (emphasis added). "In such a case," the Supreme Court has said, "*both sides submit proof* and the [district] court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added).

This dispute is decidedly one-sided. Here, Skypatrol and Topp Group have provided adequate evidence of the amount in controversy, while Ponsford has offered only coy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00119 AG (KKx) | Date | April 3, 2017 |
|---|---|---|---|
| Title | BRAD PONSFORD v. SKYPATROL, LLC ET AL. | | |

speculation. To start, the plaintiff seeks compensatory damages for "lost wages and other employment benefits" caused by his alleged wrongful termination. (Compl., Dkt. No. 1-1 at 4–5.) Ponsford was terminated in May 2016, but, until that time, he earned roughly $7,300 per month including salary, bonuses, and commission. (Rubin Decl., Dkt. No. 1-3 at 3–5.) There's no evidence that the plaintiff has mitigated damages since. So, at the time of removal (about eight months after termination), Ponsford's lost wages and other employment benefits totaled $58,400 and counting. (Opp'n, Dkt. No. 18 at 5–6.) But there's more. Beyond that conservative estimate of compensatory damages, Ponsford also seeks exemplary or punitive damages because the defendants allegedly caused "severe emotional distress and physical distress" and acted with "oppression and malice." (Compl., Dkt. No. 1-1 at 4–5.) The defendants have pointed to numerous analogous jury verdicts and cases, all showing a potential for substantial emotional distress and punitive damages—anywhere from $200,000 to several millions of dollars. (Opp'n, Dkt. No. 18 at 7–8; Ruygrok Decl., Dkt. No. 19 at 2–3, Exh. B.) *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002) (discussing the "potential for large punitive damage awards" and "substantial" damages for "emotional distress" in employment cases, even if the facts aren't "perfectly analogous"). Confirmation comes readily. Indeed, before removal, it appears that Ponsford made a settlement demand in this case exceeding $75,000. (Lynch Decl., Dkt. No. 1-2 at 2.) *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that a settlement demand may be "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

Taking all of these facts together, the defendants have shown, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. The Court thus DENIES the plaintiff's motion to remand. (Dkt. No. 14.)

| | | : | 0 |
|---|---|---|---|
| | Initials of Preparer | lmb | |